Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Louis Kalaitzidis, *individually and on behalf of all other employees similarly situated,*<br><br>                                   *Plaintiff,*<br><br>                            -v-<br><br>Robins Food Corporation d/b/a Uncle Bill's Diner, Alexandra Botos, and Akis Botos, *jointly and severally,*<br><br>                                  *Defendants.* | **FLSA COLLECTIVE ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff Louis Kalaitzidis ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* on behalf of himself and others similarly situated, in order to remedy Defendants' wrongful withholding of Plaintiff's earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et. seq.*, and Article 19, §§ 650 *et. seq.*, as well as the supporting New York State Department of Labor Regulations for violations of minimum wage and overtime wage requirements, spread-of-hours pay, and notice and record-keeping requirements.

2. Defendants engaged in their unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

3. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §§ 201 *et seq*. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

4. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

5. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

**Plaintiff:**

6. <u>Plaintiff Louis Kalaitzidis</u> is an adult individual residing in the State of New York, County of Queens.

7. During the relevant time period, Plaintiff was a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190, employed by Defendants, Robins Food Corporation, Alexandra Botos, and Akis Botos (collectively "Defendants") and performed work in New York.

8. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b), and his consent form is attached hereto.

**Defendants:**

9. <u>Robins Food Corporation d/b/a Uncle Bill's Diner</u> (hereinafter "Robins Food") is a domestic business corporation organized and existing under the laws of the state of New York, formed on June 24, 2003.

10. Robins Food Corporation operates a Greek diner with the name "Uncle Bill's Diner", located at 30-17 Stratton Street, Flushing, NY 11354.

11. At all relevant times, Robins Foods employed about 15 employees, was open seven days per week and 24 hours per day.

12. At all relevant times, Robins Food maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

13. At all relevant times, Robins Food was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29

U.S.C. §§ 206(a) and 207(a) and employed Plaintiff within the meaning of the FLSA.

14. At all relevant times, Robins Food used goods and materials produced in interstate commerce, such as food and food ingredients manufactured out of state, particularly in Greece, and distributed in New York and employed numerous individuals who handled these goods and materials.

15. At all relevant times, Plaintiff was employed by Robins Food within the meaning of the NYLL §§ 2 and 651.

16. Upon information and belief, at all relevant times, Robins Food's annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

17. <u>Alexandra Botos</u> ("Alexandra"), was, at all relevant times throughout Plaintiff's employment, owner, principal, authorized operator, manager, shareholder and/or agent of the Corporate Defendant.

18. At all relevant times throughout Plaintiff's employment, Alexandra had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting employees' schedules; instructing, supervising and training employees; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

19. Specifically, Alexandra set Plaintiff's schedule, supervised and disciplined Plaintiff and eventually fired Plaintiff. .

20. Alexandra was actively involved in the day-to-day operations of the Corporate

Defendant and oversaw the work of Plaintiff and other employees.

21.     Accordingly, Defendant Alexandra was a "covered employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, and the NYLL § 2, and is jointly and severally liable, in her individual capacity, for the unpaid wages and other damages sought herein.

22.     <u>Akis Botos</u> ("Akis"), was, at all relevant times throughout Plaintiff's employment, owner, principal, authorized operator, manager, shareholder and/or agent of the two Corporate Defendants.

23.     At all relevant times throughout Plaintiff's employment, Akis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting employees' schedules; instructing, supervising and training employees; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

24.     Specifically, Akis hired the Plaintiff to work at the diner, and, along with Alexandra, supervised and paid him.

25.     Accordingly, Defendant Akis was a "covered employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, and the NYLL § 2, and is jointly and severally liable, in his individual capacity, for the unpaid wages and other damages sought herein.

**FACTUAL ALLEGATIONS**

**Plaintiff's Work for Defendants**

26.     Plaintiff was formerly employed by Defendants from in or around April 2012 to

in or around February 2018, and worked at their diner located at 30-17 Stratton Street, Flushing, NY 11354.

27. Plaintiff was ostensibly hired as a server; however, he spent at least 20% of his time per shift performing non-tipped occupations such as answering phones, taking orders for delivery, working at the register and cleaning different areas of the restaurant such as the refrigerator and the register area.

28. Plaintiff regularly handled goods in interstate commerce throughout the course of his employment with Defendants, such as food, food ingredients and drinks (e.g. feta, tzatziki, souvlaki, gyro), produced or manufactured in Greece and distributed in New York.

29. When working at the register, Plaintiff noticed and was able to calculate the diner's weekly gross sales; which were approximately $45,000 - $50,000.

30. Throughout the relevant statutory period (i.e. from Jan. 2013 to Feb. 2018), Plaintiff consistently worked approximately sixty-eight (68) hours per week.

31. Specifically, his schedule was Monday from 9:00 p.m. to 5:00 a.m. and Tuesdays to Saturdays from 5:00 p.m. to 5:00 a.m. On occasion, Plaintiff would also work on Sundays, though such occasions were sporadic. Plaintiff did not take any breaks during his shifts, apart from a meal break that lasted from 10 to 15 minutes per shift.

32. Plaintiff took an unpaid vacation lasting a week in 2013. There was also a one-month period during 2017 when the diner was undergoing renovations and Plaintiff did not work. Aside from these instances, Plaintiff worked consistently for the Defendants and never took time off work.

33. Plaintiff was paid as follows during the relevant statutory period by the Defendants: from January 2013 to approximately April 2014, Plaintiff received a flat salary of

$300.00 per week; from in or around May 2014 to in or around June 2016, Plaintiff received a flat salary of $350.00 per week; and from in or around July 2016 until the end of his employment, he received a flat salary of $400.00 per week.

34. Plaintiff always received his compensation in cash.

35. Throughout the duration of his employment, Plaintiff did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

36. Plaintiff never had any managerial duties, such as hiring and firing employees, doing payroll and setting employees' hours of work.

**Defendants' Unlawful Corporate Practices**

37. Defendants repeatedly paid Plaintiff at a rate which was below the statutory minimum wage.

38. Defendants repeatedly suffered or permitted Plaintiff to work in excess of forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times the statutory minimum wage.

39. Defendants never provided Plaintiff with an extra hour's pay at minimum wage during all the occasions in which the duration of his shift exceeded 10 hours per day.

40. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

41. Initially, Defendants did not keep any time records with respect to Plaintiff's hours of work or the hours of work of any other employees.

42. On August 10, 2015, an individual named "Harry Xenophon" brought a wage and hour action against Defendants Robins Food Corporation and Alexandra Botos alleging very similar wage and hour violations as are alleged in this complaint.

43. Following such lawsuit, instead of correcting their wage and hour practices, Defendants devised a system to mask their wage and hour violations. Specifically, Defendants installed a punch clock system apparently to track employees' hours of work. However, Defendant Alexandra Botos specifically instructed Plaintiff to clock only for 30 hours of work per week.

44. When Plaintiff protested Botos' instructions, she yelled at Plaintiff and threatened to terminate his employment.

45. Plaintiff was never provided with a wage notice at the time of hire or at any point thereafter.

46. Plaintiff was never provided with pay stubs or any other documents documenting the rate and method of his pay and applicable deductions.

47. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

48. Plaintiff has personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid minimum and overtime wages.

**COLLECTIVE ACTION ALLEGATIONS**

49. Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiff brings his First and Second causes of action as a collective action under the FLSA on behalf of himself and the

following collective:

>All persons employed by Defendants at any time from January 30, 2016 to the present day (the "Collective Action Period") who worked as non-exempt employees of the Defendants (the "Collective Action Members").

50. A collective action appropriate in these circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay wages at or above the statutory minimum and failing to pay overtime wages for all hours worked above 40 hours per week.

51. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

52. Specifically, from conversations in the workplace, Plaintiff has knowledge and information that both front of house employees (e.g. waiters / busboys) and back of the house employees (e.g. cooks / cleaners) were paid below minimum wage and did not receive overtime pay.

53. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Violation of Minimum Wage Requirements**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

54. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

55. Defendants, at all relevant times, paid Plaintiff and the Collective Action

Members in amounts below the applicable statutory minimum wage for their hours worked, in violation of the FLSA, 29 U.S.C. § 206.

56.  Defendants did not even pay Plaintiff and the Collective Action Members at a lower tip-credited rate allowed for food service employees.

57.  Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

58.  As a result of the Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied wages at or exceeding the statutory minimum in accordance with the FLSA in amounts to be determined at trial and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

59.  Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

60.  Defendants failed to pay Plaintiff and the Collective Action Members overtime wages for all hours worked above 40 hours per week thereby violating the FLSA, 29 U.S.C. § 207(a)(1) at a rate of one and one half times their regular rate of pay, but under no circumstances, below one and one half times the statutory minimum wage.

61. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

62. As a result of the Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### New York Labor Law – Violation of Minimum Wage Requirements

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

64. Defendants, at all relevant times, paid Plaintiff less than the applicable statutory minimum wage for his hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 146-1.2.

65. Defendants did not even pay Plaintiff and the Collective Action Members at a lower tip-credited rate allowed for food service employees.

66. Defendants' failure to pay Plaintiff the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

67. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

Case 1:19-cv-00592-PKC-RML   Document 1   Filed 01/30/19   Page 12 of 17 PageID #: 12

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants failed to pay Plaintiff overtime wages for all hours worked above 40 hours per week thereby violating the NYLL §§ 190 *et seq.* and the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

58. Defendants' failure to pay Plaintiff overtime compensation lacked a good faith basis within meaning of NYLL § 663.

59. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recovery of their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Unpaid Spread-of-Hours Pay

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the interval between the beginning and end of Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

70. Defendants' failure to pay Plaintiff spread-of hours compensation lacked a good faith basis within the meaning of NYLL § 663.

71. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants have failed to provide Plaintiff with wage statements throughout his employment listing, *inter alia*, his regular and overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

74. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at Time of Hiring

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone

number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

77. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and supporting New York State Department of Labor regulations;

C. Unpaid minimum and overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D. Unpaid minimum and overtime wages, spread-of-hours pay, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

E. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

G. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of pre-judgment interest pursuant to 28 U.S.C. § 1961;

H. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

I. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

J. An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L. An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
January 30, 2019

                    Respectfully submitted,
                   **PARDALIS& NOHAVICKA, LLP**

By:    _/s/Ariadne Panagopoulou_
        Ariadne Panagopoulou (AP-2202)
        *Attorneys for Plaintiff*
        950 Third Avenue, 25th Floor
        New York, New York 10022
        Tel: 718.777.0400 | Fax: 718.777.0599
        Email:  ari@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **UNCLE BILL'S DINER,** and/ or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b) and New York Labor Law. I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 1/30/2019

*/s/ Louis Kalaitzidis*
Signature

LOUIS KALAITZIDIS
Print

26-29 30 STR, ASTORIA N.Y. 11102
Address

718 956-1550 CEL 718. 683 8580
Telephone